In re P.C.A. LANDGRADING AND DE-SIGN CONTRACTORS, INC., Debtor.

In re Wayne L. BURCH d/b/a Burch Construction Co., Debtor.

Bankruptcy Nos. 83–00221(SE), 83–00248(SE).

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

Feb. 21, 1984.

Benjamin F. Lewis, Cape Girardeau, Mo., for movant.

J. Patrick O'Loughlin, Cape Girardeau, Mo., for trustee.

Tom K. O'Loughlin, Cape Girardeau, Mo., Trustee.

Joe Perry Rice III, Chaffee, Mo., for debtors.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

The J.I. Case Credit Corporation (Movant) seeks relief from the automatic stays under 11 U.S.C. § 362(a) in order to enforce its security interests in three tractors, two (2) model 4890 Case tractors and one (1) model 2670 Case tractor. These tractors belong to the Debtors, both of whom initially filed Chapter 11 petitions but later converted to Chapter 7 proceedings.

From the outset, there is no controversy on the issue of whether the Debtors have any equity in these tractors. Movant's wit-

nesses testified that the model 2670 tractor is worth $12,000 at auction value and $15,-000 at retail value but secures indebtedness of $16,027.46. Each model 4890 tractor is worth $26,000 to $27,000 at auction value and $40,000 at retail value. Both of these tractors secure indebtedness totaling $127,-051.37. Hence, Debtors have no equity in these items and, since Debtors have converted to Chapter 7 proceedings, the issue of the necessity of these tractors to an effective reorganization is moot.

However, the Trustee has challenged the propriety of Movant's perfection of its security interests. The evidence shows that financing statements covering the tractors in question were filed only in Scott County, Missouri, the county of the Debtors' residence. The Trustee contends that under the general requirements of section 400.9–401(1), R.S.Mo., financing statements covering the tractors should have also been filed in the office of the Missouri Secretary of State. The Movant, conversely, contends that these tractors are "equipment used in farming operations" within the meaning of section 400.9–401(1)(a), R.S.Mo., and, therefore, a local filing is the only requirement for proper perfection.

The relevant facts are undisputed. Debtors purchased from Leible Implement Company the model 4890 tractors on August 31, 1981, and the model 2670 tractor on March 20, 1982. Both purchases were on an installment basis with the seller, Leible Implement Company, retaining a security interest in the tractors. Leible Implement Company, in turn, assigned these contracts with recourse to the Movant, J.I. Case Credit Corporation.

Debtors, at the time of their purchases, were primarily engaged in the business of grading farm land. Most, if not all of their business, consisted of the grading of farm land for other persons on a contract basis. Further, the tractors purchased were to be used in such gradings and the employees of Leible Implement Company knew that. There was no evidence that the Debtors were engaging in farming themselves. The

tractors are of the type commonly used on farms but are adaptable for other purposes.

## FINDINGS AND CONCLUSIONS

As was discussed previously, the only issue in this case is whether Movant's security interests are properly perfected under applicable Missouri law. If not, they are avoidable by the Trustee under 11 U.S.C. § 544(a).

Although farm tractors are motor vehicles, perfection of security interests in them is accomplished by the filing of financing statements rather than by notation on a certificate of title. Sections 301.600, R.S. Mo., *et seq.*, which require perfection of security interests in motor vehicles by notation on their certificates of title, excludes farm tractors from this requirement, *See* Sections 301.600, R.S.Mo., and 301.010(14), R.S.Mo., which defines "motor vehicles" under the former section.

Section 400.9–302, R.S.Mo. requires the filing of a financing statement in order to perfect a security interest in the property in question.

Section 400.9–401(1)(c) generally requires that such financing statements be filed both in the county of the debtor's residence and in the office of the Missouri Secretary of State. However, subsection (1)(a) of this statute permits a creditor to file only in the county of the debtor's residence if the collateral is "equipment used in farming operations".

The Trustee argues that the tractors in question are not "equipment used in farming operations" because (a) the Debtors are not farmers themselves, and (b) the tractors can be used for non-farming purposes.

There is no statutory definition for the phrase "equipment used in farming operations" nor are the comments to this section of the Uniform Commercial Code enlightening.

However, the cases which have applied this phrase or considered its meaning, have rejected the Trustee's arguments.

In *Sequoia Machinery, Inc. v. Jarrett,* 410 F.2d 1116 (9th Cir.1969), the court held that harvesting combines used by a debtor in his business of custom combining for farmers were "equipment used in farming" even though the debtor was not a farmer or engaged in his own farming operations. The court held that the actual or intended use of the collateral controlled the place of filing rather than the occupational status of the debtor.

In *In re Leeby,* 1 U.C.C.Rptr. 428 (D.C.E. D.Pa.1982), the debtor, an excavation contractor, purchased tractors which were adaptable for farm usage. The debtor was not engaged in farming nor did he do excavating on farm property. The court held the collateral was *not* "equipment used in farm operations" since the test is the use for which the collateral was purchased or its actual use.

Hence, it is immaterial that the Debtors are not farmers and that the tractors are adaptable to non-farming uses. Further, the grading of farm land is a "farming operation". The evidence was that the irrigation of farm land requires that the land be smoothly graded. In other words, grading is an activity which a farmer would do himself to prepare his land for the raising of crops unless he contracted out that job to someone such as the Debtors in this case. Clearly, grading the land is as much a "farm operation" as is plowing the land or planting or harvesting the crops.

Therefore, the Court concludes that the tractors in this case are "equipment used in farming operations", and the Movant has a properly perfected security interest.

The Court will enter a separate order granting Movant its requested relief from the automatic stay.